IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SUMMIT HOMES, LLC, | ) | Case No. 4:05-CV-03256 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | PROTECTIVE ORDER |
| | ) | |
| BUGBEE CONSTRUCTION, | ) | |
| INCORPORATED d/b/a | ) | |
| BUGBEE HOMES, | ) | |
| | ) | |
| Defendant. | ) | |

THIS MATTER came on for consideration pursuant to the agreement of all the parties herein for entry of a Protective Order to preserve the confidentiality of certain documents. Pursuant to the agreement of counsel and Rule 26(c) of the Federal Rules of Civil Procedure,

IT IS HEREBY ORDERED that the following Order shall govern the handling of documents, depositions, deposition exhibits and other written, recorded or graphic matter produced during discovery by the parties to this action and non-parties responding to a document request or deposition subpoena (a "producing party"):

PROCEDURES AND DEFINITIONS

1. All documents and every portion thereof, produced by any party, or by or on behalf of any other person or entity, pursuant to any discovery procedure, or informal exchange of documents, in this matter, that have been marked "CONFIDENTIAL" by the producing party, shall be considered "CONFIDENTIAL" for purposes of this Order and shall be used by the receiving party only for the preparation for and conduct of proceedings herein and not for any business or other purpose whatsoever.

PERSONS AUTHORIZED TO RECEIVE "CONFIDENTIAL" INFORMATION

L0688471.1

2. For the purposes of this Order, and subject to the provisions of this paragraph 2, persons authorized to receive "CONFIDENTIAL" information (hereinafter "qualified recipient") shall include **only:**

    (a) Legal counsel representing the Defendant and legal counsel representing the Plaintiff, and members of the paralegal, secretarial, or clerical staff who are employed by, retained by, or assisting such counsel;

    (b) court reporters who take and transcribe testimony, as well as necessary secretarial and clerical assistants;

    (c) those persons especially retained by attorneys in this litigation for trial (such as accountants, banking consultants, statisticians, economists, and other experts), who are not regular employees of a party to this litigation, and only if such persons need such confidential documents and agree in writing to be bound by the terms of this Order by signing a copy of the attached "Acknowledgment by Qualified Recipient";

    (d) A party, such party s in-house legal counsel, or an officer, director, or employee of a party deemed necessary by counsel to aid in the presentation, defense, or settlement of this action (or related litigation).

    (e) A witness at any deposition or other proceeding in this action and their counsel;

    (f) Any mediator retained by the parties in an effort to mediate and/or settle the claims in this action.

    (g) Other than those persons in (a), (b), (c), (d), (e) and (f) above, any other person from whom testimony is taken or to be taken in this litigation; provided however, that

such a person may only be shown confidential documents during his/her testimony and in preparation therefor, and only to the extent necessary for such preparation or testimony, and only if such person agrees in writing to be bound by the terms of this Order by signing a copy of the attached "Acknowledgment by Qualified Recipient".

<u>LIMITATIONS ON THE USE OF "CONFIDENTIAL" INFORMATION</u>

3. CONFIDENTIAL information shall be held in confidence by each qualified recipient to whom it is disclosed; shall be used only for purposes of this action and shall not be disclosed to any person who is not a qualified recipient  Each party, each qualified recipient, and all counsel representing any party, shall use their best efforts to maintain all produced CONFIDENTIAL information in such a manner as to prevent access, even at hearing or trial, by individuals who are not qualified recipients.

4. CONFIDENTIAL information shall not be copied or otherwise reproduced by the receiving party, except for transmission to qualified recipients, without the written permission of the producing party, or, in the alternative, by further Order of the Court.  However, nothing herein shall restrict a qualified recipient from making working copies, abstracts, digests, and analyses of CONFIDENTIAL information for use in connection with this action  All such working copies, abstracts, digests, and analyses shall be deemed CONFIDENTIAL information under the terms of this Order.

5. All documents of any nature (including any of the foregoing documents as well as any other documents, including, but not limited to, briefs, motions, memoranda, transcripts, and the like) that are filed with the Court for any purpose and that contain CONFIDENTIAL information shall be filed in sealed envelopes or other sealed containers marked with the title of the action and

L0688471.1

generally identifying each document and thing therein, and bearing a statement substantially in the following form:

CONFIDENTIAL
DO NOT OPEN WITHOUT ORDER OF THE COURT

For the convenience of the parties, the Clerk, and the Court, any filing containing both CONFIDENTIAL information and non-confidential material may be filed entirely under seal.

  6. **Depositions.**  The following procedures shall be followed at all depositions to protect the integrity of all CONFIDENTIAL information:

    (a) Only qualified recipients, the witness, and the witness's attorney may be present at a deposition.

    (b) All testimony elicited during a deposition is deemed to be CONFIDENTIAL information.

  7. This Order shall be without prejudice to the right of any party to oppose production of any information on any ground other than that it contains CONFIDENTIAL information.

  8. **Trial.**  Prior to the trial of this action, the attorneys for the parties shall meet and attempt to agree on an appropriate form of order to submit to the Court regarding the confidential status, if any, to be afforded documents, testimony or other information disclosed during the course of the trial.

  9. Upon final termination of this proceeding, including all appeals, each party shall at its option destroy or return to the producing party all original materials produced and designated as CONFIDENTIAL information, and shall destroy, in whatever form stored or reproduced, all other materials including, but not limited to, pleadings, correspondence, memoranda, notes and other work product materials that contain or refer to CONFIDENTIAL information.  This Protective Order shall

L0688471.1

survive the final termination of this action, and shall be binding on the parties and their legal counsel at all times in the future.

10. This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind any restrictions imposed by this Order when convenience or necessity requires.

11. In the event additional parties join or are joined in this action, they shall not have access to CONFIDENTIAL information until the newly joined party, by its counsel, has executed and, at the request of any party, filed with the Court, its agreement to be fully bound by this Stipulated Order.

IT IS SO ORDERED with the consent of the parties, this 25th day of August, 2006.

BY THE COURT

s/ *David L. Piester*

David L. Piester
United States Magistrate Judge

L0688471.1